IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS McHUGH,

    Plaintiff,

v.                                                                              Case No. _____

BLUEPENGUIN PAYMENTS, INC.

    Defendant.
_____/

# COMPLAINT

Plaintiff Thomas McHugh formerly served as the Chief Revenue Officer for Defendant for years until Defendant unceremoniously, and contrary to contractual obligations, terminated Mr. McHugh's employment, failing to pay his contractually agreed upon wages and his contractually agreed upon severance payment. Mr. McHugh brings this Complaint seeking damages against Defendant for breach of contract, or alternatively, unjust enrichment in violation of Florida law.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

2. Plaintiff seeks over $75,000.00 in damages.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as the acts alleged in this Complaint were committed in this District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this lawsuit, if any, have been satisfied or waived.

## PARTIES

5. Plaintiff Thomas McHugh is a citizen of Cherokee County, Georgia.

6. Defendant BluePenguin Payments, Incorporated is a Florida for profit corporation.

7. The Florida Secretary of State lists Defendant's principal office address as 626 Pinebrook Drive, Chesterfield, Missouri 63119-4029.

8. Defendant's Second Amended and Restated Articles of Incorporation filed with the Florida Secretary of State on May 27, 2022 lists its principal office as: 2436 N. Federal Highway, Suite 408, Lighthouse Point, Florida 33064.

9. Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent: Business Filings Incorporated, 1200 South Pine Island Road, Plantation, Florida 33324.

## FACTUAL ALLEGATIONS

10. Defendant BluePenguin Payments, Incorporated (BluePenguin) hired

Plaintiff Thomas McHugh to serve as its Chief Revenue Officer (CRO) on December 1, 2017.

11. Mr. McHugh worked at Defendant's local office at 12540 Broadwell Road, Suite 2201, Milton, Georgia 30004 without incident until the fall of 2021.

12. BluePenguin and McHugh signed an Employment Agreement (Agreement) effective December 1, 2017. *See* Exhibit A, Employment Agreement.

13. This Agreement outlined McHugh's salary at $180,000 per year.

14. The Agreement further provided that it automatically renewed each year unless the company or employee provides at least 60-days' notice to terminate the Agreement.

15. The Agreement states that Mr. McHugh will be provided a severance payment equal to 24 months of his base salary, or $360,000.00, to be paid over 24 months, if he were terminated "without cause."

16. On October 1, 2019, Defendant demanded that Mr. McHugh sign an "Equity Agreement" regarding its failure to pay his full salary prior to July 31, 2019; in return for signing the document, Defendant promised to provide Mr. McHugh with 40,984 shares for his prior unpaid services. *See* Exhibit B, Equity Agreement.

17. To date, Defendant has not provided Mr. McHugh with 40,984 shares for his prior unpaid services pursuant to the Equity Agreement.

18. To date, Defendant owes Mr. McHugh $282,806.00 in back pay.

19. In November 2021, the CEO of PenguinPayments told Mr. McHugh that he was going to non-renew his contract to avoid paying McHugh his severance payment of 24-months of his salary, or $360,000.00.

20. The CEO followed through on his threat to terminate Mr. McHugh's contract; however, he did it in violation of the terms of the Agreement.

21. He did not provide the required 60 days notice prior to the auto-renewal of the Agreement.

22. The CEO falsely claimed McHugh was fired "for cause" in his attempt to avoid paying McHugh his severance payment.

23. As a result of Defendant's actions, McHugh has suffered damages.

## COUNT I: BREACH OF CONTRACT

24. Plaintiff re-alleges the allegations contained in paragraphs 1 - 23.

25. The Parties have a valid contract in the form of a signed and dated Executive Employment Agreement (Agreement).

26. Defendant materially breached the Agreement when it failed to pay Plaintiff his total annual base salary from August 1, 2019 to the date of his termination, totaling $282,806.00.

27. The funds referenced above in Paragraph 26 are wages as defined under

Fla. Stat. §448.08.

28. Defendant further materially breached the written contract by unilaterally terminating the Agreement without proper notice, falsely claiming that it was "for cause."

29. Defendant further materially breached the written contract by failing to pay Plaintiff his contractual severance payment in the amount of $360,000.00.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

31. As a direct and proximate result of Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for pursuing the remedies to which he is entitled in this matter under Florida Statute §448.08 and/or the provisions of the Agreement.

## COUNT II: UNJUST ENRICHMENT

32. Plaintiff re-alleges the allegations contained in paragraphs 1 - 23.

33. Plaintiff brings this cause of action in the alternative to the foregoing Breach of Contract claims.

34. Defendant failed to compensate Plaintiff for his services as agreed upon.

35. Defendant has breached its obligations owed to Plaintiff.

36. By its wrongful acts and omissions, Defendant has been unjustly enriched at the expense of Plaintiff, by failing to pay all compensation and severance payments as promised to Plaintiff.

37. To allow Defendant to retain the money owed to Plaintiff would be grossly inequitable.

38. Plaintiff has suffered harm as a result of Defendant's failure to pay all compensation and severance payments.

39. Plaintiff seeks attorney's fees and costs under Florida Statute § 448.08.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

a. Assume jurisdiction over this action;

b. Award judgment against Defendant and for the Plaintiff;

c. Award Plaintiff back pay;

d. Award Plaintiff his contractual severance payment;

e. Award Plaintiff reasonable attorney's fees, expenses, and costs of litigation;

f. Award Plaintiff pre and post-judgment interest;

g. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 27th day of June 2022,

                        **Lisa C. Lambert**
                        Lisa C. Lambert
                        Georgia Bar No. 142135
                        Law Office of Lisa C. Lambert
                        245 North Highland Avenue
                        Suite 230-139
                        Atlanta, GA 30307
                        404.556.8759
                        lisa@civil-rights.attorney